5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mary Louise PASUTTI, Plaintiff-Appellant,
v.
The JUDICIAL DEPARTMENT OF the STATE OF OREGON, acting By
and Through the CITIZEN REVIEW BOARD, Defendant,
and
Nancy S. Asbury; Nancy Burket-Miller, in their individual
and official capacities, Defendants-Appellees.
 No. 92-35329.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 30, 1993.
Decided Sept. 14, 1993.
 
 1
 Appeal from the United States District Court For the District of Oregon, No. CV-90-06517; John Jelderks, Magistrate Judge, Presiding.
 
 
 2
 D.Or.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges
 
 
 5
 MEMORANDUM*
 
 
 6
 Mary Louise Pasutti appeals a decision granting summary judgment for defendants Nancy Burket-Miller and Nancy Asbury.
 
 
 7
 While Pasutti was employed as a coordinator for the Citizen Review Boards (CRB) operating in Lane County, Oregon, her supervisors instituted a policy that required all coordinators to notify a supervisor before speaking to the press about "a case or the CRB's position on a case or issue" so that the supervisor and legal counsel could "give [the coordinator] some advice about what to say/not to say." Pasutti contends that the policy is unconstitutional on its face, both as a prior restraint and as an overly broad regulation, and that its application to her conduct violated her First Amendment rights.
 
 
 8
 Regulations that have been found invalid as prior restraints have typically involved advance approval, censorship or licensing of speech. Ward v. Rock Against Racism, 491 U.S. 781, 795 n. 5 (1989); Information Providers' Coalition for Defense of the First Amendment v. FCC, 928 F.2d 866, 877 (9th Cir.1991). The Oregon policy does not constitute a prior restraint because it does not prohibit speech, nor does it vest government decisionmakers with unbridled discretion, or any discretion, to stifle speech. Rather, the policy requires advance consultation with legal counsel, in part to caution the coordinator regarding her obligation under Oregon law not to disclose case information. See Or.Rev.Stat. Sec. 419.778 (1991).
 
 
 9
 Defendants' decision to apply the policy to Pasutti's conduct does not alter this conclusion. Pasutti's reprimand merely demonstrates the consequences of violating the policy and does not offer any insight into how defendants would have conducted themselves if Pasutti had consulted with legal counsel. The policy is not a prior restraint.
 
 
 10
 Pasutti's overbreadth challenge also fails. The policy does not reach substantially beyond the legitimate interests of protecting confidential information and regulating those who speak on the CRB's behalf. See Members of the City Council v. Taxpayers for Vincent, 466 U.S. 789, 800-01 (1984).
 
 
 11
 Pasutti additionally claims that the reprimand she received for speaking to the press in contravention of the policy violated her First Amendment rights. When a public employee alleges that his employer's conduct violated his First Amendment rights, the public employee bears the burden of showing that his constitutionally protected expression was a "substantial" or "motivating" factor in the employer's adverse decision. Mount Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Allen v. Scribner, 812 F.2d 426, 433, modified, 828 F.2d 1445 (9th Cir.1987). Pasutti cannot prevail because she has not met this initial burden. Defendants' memorandum to Pasutti cites insubordination based on post-policy conduct as the reason for the reprimand, the facts support this conclusion, and Pasutti did not present sufficient evidence to the contrary to create an issue of fact.
 
 
 12
 Accordingly, we AFFIRM the district court's decision to grant summary judgment for defendants.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3